UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:22-cv-00071

———

**Terry D. Gray, Sr.,**
*Plaintiff,*

v.

**Lt. Brian Graham, et al.,**
*Defendants.*

———

## OPINION AND ORDER

Plaintiff, a former inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff alleges that defendants, motivated by racial profiling, violated the Fourth Amendment of the United States Constitution during his traffic stop and subsequent arrest for driving while intoxicated. The case was referred to United States Magistrate Judge K. Nicole Mitchell. On May 28, 2024, the magistrate judge issued a report (Doc. 74) recommending that defendants' motion for summary judgment (Doc. 31) be granted.

Because plaintiff timely filed objections (Doc. 76), this court reviews the objected-to portions of the magistrate judge's report de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). In the objections, plaintiff relitigates his contention that the traffic stop was based on racial discrimination and profiling. Doc. 76 at 1. He also reprises his claims that defendant Officer Hand did not give the requisite *Miranda* warnings and that the stop was impermissibly prolonged. *Id.* at 9–10, 13–15. Plaintiff insists that he was not speeding and maintains that the evidence is fruit of the poisonous tree. *Id.* at 10–13. Further, plaintiff seems to acknowledge that he may have been intoxicated and argues that, coupled with officer coercion, this invalidates the consent he gave to the officers for a search of his vehicle. *Id.* at 15-17.

In his amended complaint (Doc. 36), plaintiff did not raise claims concerning a prolonged traffic stop, that he was too impaired to consent, or that specific evidence is "fruit of the poisonous tree." These arguments are thus waived because issues cannot be raised for the first time in an objection to a magistrate judge's report. *See Place v. Thomas*, 61 F. App'x 120, at *1 (5th Cir. 2003) (per curiam) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

But even if such claims were properly presented, they would still fail. The competent summary judgment evidence—which includes video footage of plaintiff's arrest—illustrates that plaintiff's traffic stop for a speeding violation was properly predicated on reasonable suspicion.[1] The evidence further demonstrated that officers had probable cause to search plaintiff's vehicle and that plaintiff consented to a search—a search wherein officers discovered a cold, open beer bottle and an unopen can of beer inside the vehicle. Docs. 31-5 at 12:40, 31-2 at 2. In addition, on defendant Officer Hand's bodycam video, plaintiff appeared to admit to drinking beer that evening. Doc. 31-5 at 28:30. According to defendant Officer Hand, plaintiff, who was on parole for DWI, had an "odor of alcohol" as well as "red and glossy" eyes. Doc. 31-2 at 2. When asked to perform a field sobriety test, the video shows that plaintiff was uncooperative and ultimately failed the test. Doc. 31-5.

Contrary to plaintiff's claims, the video evidence depicts defendant Officer Hand reading plaintiff his *Miranda* rights shortly after he is arrested. Doc. 31-5 at 1:09:40. Defendant Officer Hand then received search warrants to obtain blood from plaintiff. Doc. 31-8. Although plaintiff was arrested and then ultimately not prosecuted in connection with these events, this

---

[1] "Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). "A court of appeals need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider 'the facts in the light depicted by the videotape.'" *Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

does not mean that defendants violated his Fourth Amendment rights. "The Constitution does not guarantee that only the guilty will be arrested." *Baker v. McCollan*, 443 U.S. 137, 145 (1979); *see also Sanchez v. Swyden*, 139 F.3d 464, 468 (5th Cir. 1998) (explaining that § 1983 does not provide a cause of action for every defendant acquitted or every suspect released).

Plaintiff has not presented sufficient facts to support his allegations that the traffic stop, search of his vehicle, subsequent arrest, or blood draw violated the Fourth Amendment. "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). In addition, for there to be a genuine issue of fact for trial, the evidence must be "sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party." *Lemoine v. New Horizons Ranch and Ctr.*, 174 F.3d 629, 633 (5th Cir. 1999). Here, quite simply, the evidence establishes that officers had reasonable suspicion for the stop as well as probable cause for the search and arrest because plaintiff was speeding and displayed symptoms of intoxication.

Turning to plaintiff's insistence that his traffic stop was motivated by racial profiling, he has not provided a scintilla of evidence showing that his arrest was motivated by any other factor than his intoxication, which defendant Officer Hand's bodycam video reveals. *See Raina v. Veneman*, 152 F. App'x 348, 350 (5th Cir. 2005) ("A[] [plaintiff's] subjective belief that he was discriminated against, standing alone, is not adequate evidence to survive a motion for summary judgment.").

Plaintiff also does not address the magistrate judge's recommendation that defendants are entitled to qualified immunity. Doc. 74 at 23–24. When qualified immunity is invoked, as it was here, "only evidence—not argument, not facts in the complaint—will satisfy" the burden of proof necessary to defeat summary judgment. *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994); *see also Miller v. Graham*, 447 F. App'x 549,

551 (5th Cir. 2011) ("Plaintiff has not overcome defendant's assertion of qualified immunity because he presented nothing but conclusory allegations and unsubstantiated assertions to support his claim . . . ."). Here, plaintiff fails to proffer evidence that overcomes defendants' invocation of qualified immunity. Defendants are entitled to qualified immunity.

Having reviewed the magistrate judge's report de novo and finding no error, the court accepts its findings and recommendation. Defendants' motion for summary judgment (Doc. 31) is granted, and plaintiff's objections are overruled. Any pending motions are denied as moot.

*So ordered by the court on September 27, 2024.*

J. CAMPBELL BARKER
United States District Judge